UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER PRICE,

                              Plaintiff,
                                                   9:11-CV-0977
v.                                                 (LEK/TWD)

MALCOLM CULLY, JEROME
L. NICOLATO, NEW YORK STATE
BOARD OF PAROLE COMMISSIONERS,

                              Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

WALTER PRICE
Plaintiff *pro se*
32 Hill Street
Napanoch, New York 12458

HON. ERIC T. SCHNEIDERMAN                          KRISTA A. ROCK, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn,

Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Plaintiff Walter Price claims that Defendants violated his constitutional rights by retaining him in

prison after his conditional release date.  Currently pending before the Court is Defendants'

preanswer motion for summary judgment[1] pursuant to Federal Rule of Civil Procedure 56.  (Dkt.

No. 17.)  For the reasons discussed below, I recommend that the Court grant Defendants' motion.

## I.        FACTUAL AND PROCEDURAL SUMMARY[2]

At the time he signed the complaint, Plaintiff was an inmate in the custody of the New

York State Department of Corrections and Community Supervision ("DOCCS").  (Dkt. No. 1 at

1.)  His conditional release date was August 5, 2011.  (Dkt. No. 17-3 ¶ 3.)  The maximum

expiration date of his sentence was June 17, 2012.  *Id*. ¶ 2.

On July 26, 2011, the Board of Parole placed a hold on Plaintiff's release.  (Dkt. No. 1 at

4.)  Plaintiff was informed that the reason for the hold was that he never received a sex offender

registration risk level from his sentencing court.  *Id*.

Plaintiff submitted a grievance to the Inmate Grievance Committee at Collins

Correctional Facility but received no response.  *Id*. at 2.  He also "wrote [a] letter to

commissioners of board of parole, letting them know their acts were illegal."  *Id*. at 3.  He

received no response.  *Id*.

Plaintiff filed the complaint in this action on August 18, 2011.  (Dkt. No. 1.)  He named

Malcolm Cully (the Superintendent of Collins Correctional Facility), Jerome L. Nicolato (the

---

[1]         On February 22, 2012, I granted Defendants' request to stay the deadline for their
response to the complaint until thirty days after a final ruling on their motion for summary
judgment.

[2]         In light of the procedural posture of this case, the following recitation is derived
from the record now before the Court, with all inferences drawn and ambiguities resolved in
Plaintiff's favor.  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (citing *Stern v. Trustees of
Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997).

Superintendent of Ulster Correctional Facility[3]), and "NYS Board of Parole Commissioners" as defendants. *Id*. at 1-2.  He alleged that "Defend[a]nts Malcolm Cully and Jerome L. Nicolato [] have been notified that the hold is illegal, but they continue to detain me."  *Id*. at 4.  Plaintiff requested an order directing Defendants to release him and one million dollars in damages.  *Id*. at 6.

Plaintiff was released to parole supervision from Collins Correctional Facility on August 18, 2011.  (Dkt. No. 17-3 ¶ 4.)

Defendants now move for summary judgment.  (Dkt. No. 17.)  Plaintiff has not opposed the motion, despite requesting and receiving two sixty-day extensions of time in which to do so. (Dkt. Nos. 19, 21.)

## II.    APPLICABLE LEGAL STANDARDS

### A.    Legal Standard Governing Motions for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the initial burden of showing, through the production of admissible evidence, that no genuine issue of material fact exists.  *Salahuddin v. Goord*, 467 F.3d 263, 272-73 (2d Cir. 2006).  Only after the moving party has met this burden is the nonmoving party required to produce evidence demonstrating that genuine issues of material fact exist.  *Salahuddin*, 467 F.3d at 272-73.  The nonmoving party must do more than "rest upon the mere allegations . . . of the

---

[3]       At the time he signed the complaint, Plaintiff was housed at Ulster Correctional Facility.  (Dkt. No. 1 at 1.)  It is not clear when he was transferred to Collins Correctional Facility.

3

[plaintiff's] pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 585-86 (1986). Rather, a dispute regarding a material fact is *genuine* "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material[4] fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).

**B.      Legal Standard Governing Motion to Dismiss for Failure to State a Claim**

To the extent that a defendant's motion for summary judgment under Federal Rule of Civil Procedure 56 is based entirely on the allegations of the plaintiff's complaint, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). As a result, "[w]here appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment." *Schwartz v. Compagnise Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) (citations omitted); *accord, Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties."). Accordingly, it is appropriate to summarize the legal standard governing Federal Rule of Civil Procedure 12(b)(6) motions to dismiss.

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted.

---

[4]      A fact is "material" only if it would have some effect on the outcome of the suit. *Anderson*, 477 U.S. at 248.

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.   ANALYSIS

Plaintiff alleges that Defendants violated his right to due process by detaining him in prison after his conditional release date. (Dkt. No. 1.) Plaintiff was released from prison thirteen

5

days after his conditional release date.  (Dkt. No. 17-3 ¶ 4.)  Defendants argue that the complaint

fails to state a due process claim.[5]  (Dkt. No. 17-1 at 13-19.)  Defendants are correct.

In order to state a claim for violation of his procedural due process rights, a plaintiff must

allege facts plausibly suggesting that he was deprived of a liberty interest without due process of

law.  *Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000).  Prisoners in New York State do not

have a liberty interest in being released on parole.  *Graziano v. Pataki*, __ F.3d ___, No. 11-116-

pr, 2012 U.S. App. LEXIS 16147, at *8, 2012 WL 3140347, at *2 (2d Cir. Aug. 3, 2012); *Barna*

*v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001); *Farid v. Bouey*, 554 F. Supp. 2d 301, 321 (N.D.N.Y.

2008).  District courts in the Second Circuit have held that although prisoners do not have a

protected interest in parole, they do have a limited due process right not to be denied parole

arbitrarily or capriciously or on the basis of a protected classification (such as race, religion,

gender, economic status, etc.) or an irrational distinction.  *Farid*, 554 F. Supp. 2d at 321.  The

Second Circuit, however, has cautioned that "only the most egregious official conduct can be

said to be arbitrary in the constitutional sense."  *Graziano*, 2012 WL 3140347, at *4 (quoting

*Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)) (punctuation omitted) (holding that a

blanket policy denying parole to violent felony offenders does not constitute egregious official

conduct).  Here, the fact that Plaintiff was held for thirteen days after his conditional release date

simply does not rise to the level of conduct that is arbitrary in the constitutional sense.  Finally, to

---

[5]       Defendants also argue that they are entitled to summary judgment because (1) they are entitled to Eleventh Amendment immunity for the claims against them in their official capacities; (2) Plaintiff's request for injunctive relief is moot; (3) Plaintiff failed to exhaust his administrative remedies; and (4) the complaint does not allege personal involvement by Defendants Cully and Nicolato.  Because I find that Defendants are entitled to summary judgment in their favor on the merits of Plaintiff's claims, I have not addressed Defendants' other arguments.

the extent that Plaintiff claims that Defendants violated his due process rights by failing to fully comply with New York State Corrections Law § 168-L(8), the complaint fails to state a due process claim.  Violations of state law do not give rise to liability under § 1983.  *Doe v. Conn. Dep't of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990).  Therefore, I recommend that the Court grant Defendants' motion for summary judgment.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion for summary judgment (Dkt. No.17) be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: August 30, 2012
       Syracuse, New York


Therese Wiley Dancks
United States Magistrate Judge